## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |  |
|---|---|---|
| MICHAEL C. ROBERSON, #02167695, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-188-JDK-KNM |
| NORRIS JACKSON, et al., | § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael C. Roberson, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.  This case was reopened on Plaintiff's own motion after he requested that this Court administratively close his case because of his hospitalization.  Docket Nos. 144, 145).

Before the Court are Defendants Terry Burson and Norris Jackson's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docket No. 110); Defendants Patricia Urkuski, Amy Westbrook, and Jonathan Gale's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (Docket No. 111); and Defendant Michael Goldman's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docket No. 114).

1

On January 24, 2022, before the administrative closure, Judge Mitchell issued a Report recommending that the Court grant Defendants' motions to dismiss.  Docket No. 142.  Specifically, Judge Mitchell recommended that the Court (1) deny all of Plaintiff's claims for injunctive relief, (2) dismiss Plaintiff's claims against Defendants Burson and Jackson with prejudice for failure to state a claim upon which relief may be granted, and (3) dismiss Plaintiff's claims against Defendant Goldman with prejudice for failure to state a claim upon which relief may be granted.  Judge Mitchell further recommended that Plaintiff's excessive use of force claims against Defendants Urkuski, Westbrook, Gale, and Dickens should remain pending before the Court.  Plaintiff timely objected after the administrative closure.  Docket No. 145.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Frivolous, conclusory, or general objections need not be considered by the District Court; rather, a party objecting to a Magistrate Judge's Report must specifically identify those findings in the Report to which he objects.  *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass*, 79 F.3d 1415; *see also Valez-Pedro v. Thermo King De Puerto*

*Rico, Inc.*, 465 F.3d 31, 32 (1ˢᵗ Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory allegations that do not direct the reviewing court to the issues in controversy.").

In his objections, Plaintiff insists that his injunctive requests are not moot, but he makes only generalized statements and arguments. Moreover, he fails to address Judge Mitchell's further finding that he failed to plead sufficient facts necessary to meet the requirements of a permanent or preliminary injunction. He also does not address the analysis concerning his claim for "TDCJ camera[s]."

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **OVERRULES** Plaintiff's objections (Docket No. 145) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 142) as the opinion of the District Court. The Court **GRANTS** Defendants Burson and Jackson's motion to dismiss (Docket No. 110); Defendants Urkuski, Westbrook, and Gale's motion to dismiss (Docket No. 111); and Defendant Goldman's motion to dismiss (Docket No. 114). All of Plaintiff's claims for injunctive relief are **DENIED**. Plaintiff's claims against Defendants Burson, Jackson, and Goldman are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's excessive use of force claims will remain before the Court.

So **ORDERED** and **SIGNED** this **18th** day of **November, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE