IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL C. ROBERSON, #02167695 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv188 |
| NORRIS JACKSON, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael C. Roberson, a prisoner currently confined at the Ellis Unit within the Texas Department of Criminal Justice (TDCJ), proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights occurring at the Beto Unit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On Plaintiff's own motion, the Court administratively closed this case—and reopened this proceeding once Plaintiff explained that he was ready to proceed, (Dkt. #148). The Court has not ordered an answer from Defendant Dickens, and this Defendant has neither been served nor appeared. The remaining Defendants—Gale, Urkuski, and Westbrook—recently filed a Notice to the Court, (Dkt. #190), explaining that disputed issues of material fact exist in this case—and, therefore, they will not be filing a motion for summary judgment. The Court will schedule this case for trial as soon as the business of the Court permits.

The present Report concerns only Plaintiff's claims against Defendant Dickens pursuant to screening under 28 U.S.C. § 1915A. For reasons explained below, the Court recommends that Plaintiff Roberson's claims against her be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

1

**I. Roberson's Amended Complaint—Operative Pleading**

Roberson maintains that Defendants Urkuski, Westbrook, Gale, and Dickens used excessive force upon him at the Beto Unit in violation of the Eighth Amendment. Specifically, Roberson claims that in September 2018, he began fighting with this cellmate. Roberson maintains that the fight began over "K2" that his cellmate bought to smoke, "which wasn't good," (Dkt. ##71, pg. 4; 177, pg. 8). An officer witnessed them fighting and ordered them to stop after the fight was over.

He further explains that they were taken, one-by-one, to the medical department. Roberson notes that he "went first to medical on September 29, 2018, before midnight around 11:00 pm," (Dkt. #71, pg. 4). He claims he did not have any injuries at that time stemming from the fight with his cellmate. Roberson states that—as he was walking back to his cell—Officer Nash told him to pack up his belongings because he was being moved to X-wing. *Id*.

Roberson contends that before he was "to move," he had to "stop by the rank office to talk with Lieutenant Amy Westbrook about the fight" in his cell. He was handcuffed as he arrived into the rank office; officers were inside the office: Defendants Urkuski, Dickens, Gale, and Westbrook. Officer Nash was "standing to the side." *Id*. at pg. 5. Defendant Westbrook proceeded to ask him about the fight, and Roberson "told her everything." While she was asking him questions, she was on the computer looking up what he was in prison for—eventually remarking, "So I see you like raping 12 year[] old girls and called me a rapies [sic]." *Id*.

When Defendant Urkuski witnessed him coming into the office, Roberson further maintains, she stated "that's the same little [expletive] that got smart with me early [sic]," and further called him a rapist. Roberson claims that he then said something smart back to her, at which point Defendant Gale "had [him] by the arms that was behind [his] back in handcuffs." *Id*.

Roberson states that he "kept talking back" as he was walking to leave the office, and Defendant Gale "slammed" his head into the wall and "jacked" his arms up, causing pain while his arms were behind his back in handcuffs. *Id*. at pg. 5. Moreover, while Defendant Gale slammed him into the wall, Defendant Urkuski punched and choked him until he almost fainted. Defendant Westbrook was punching him in the face as well. Roberson claims that Defendant Gale slammed him on the floor and his "mouth was bleeding" and his wrist was hurting badly. *Id*. at pg. 6.

As for Defendant Dickens, Roberson states that she "told them to close[] the ranks door so no one could witness." *Id*. She further stated that if Roberson would "just listen[,] all of this would not happen to you." *Id*. The officers then placed Roberson in cell X-B13. Roberson seeks $15,000.00 in compensatory damages and $1,000.00 from Defendant Dickens.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

Conversely, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and

thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414, (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

### III. Discussion and Analysis

The Court understands that Roberson alleges that Defendant Dickens violated his rights under the Eighth Amendment by using excessive force upon him at the Beto Unit inside an office. However, the facts as Roberson presents them show that Defendant Dickens was not involved in the alleged use of force. His only allegation against her involved words. Verbal harassment, without more, cannot and does not amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). In *Calhoun v. Hargove*, the Fifth Circuit held that verbal abuse

and requiring a prisoner to beg for food did not provide a basis for an actionable claim under section 1983. 312 F.3d 730, 734. The Fifth Circuit explained as follows:

> [I]n the Eighth Amendment context, our circuit has recognized as a general rule that "mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden*, 713 F.2d at 146 (quoting *Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977); *accord Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir.) (the use of words, no matter how violent, does not comprise a § 1983 violation), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner does not state a constitutional deprivation under § 1983).

*Robertson v. Plano City of Tex.*, 70 F.3d 21, 24 (5th Cir. 1995).

Roberson alleges that Defendant Dickens verbalized (1) that the other Defendants close the door to the office so that no one would see, and (2) that if Roberson would "just listen," then the incident would not have happened. *See* Dkt. #71, pg. 6 (amended complaint); Dkt. #177, pg. 10. He does not plead, at any point, that Defendant Dickens was involved in the physical use of force— and, furthermore, does not allege that she failed to protect him. Rather, through only the use of words, Roberson alleges that she violated his rights under the Eighth Amendment by using excessive force. *See* Dkt. #71, pg. 7 (amended complaint) (Roberson claiming that Defendant Dickens is "personally responsible for excessive force."). The remarks Roberson attributes to Defendant Dickens will not support a claim of violation of his constitutional rights.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff Roberson's claims against Defendant Dickens be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted. Roberson's claims against Defendants Gale, Westbrook, and Urkuski should proceed to trial as soon as the business of the Court permits.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 19th day of April, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE