IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL C. ROBERSON, #02167695 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv188 |
| NORRIS JACKSON, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael C. Roberson, a prisoner currently confined at the Ellis Unit within the Texas Department of Criminal Justice (TDCJ), proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights occurring at the Beto Unit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns Plaintiff's motions for default judgment, (Dkt. ##188, 194). For reasons explained below, the motions should be denied.

**I. Plaintiff's Motions**

Plaintiff seeks default judgment against Defendant Dickens. He maintains that she is not in military service and is neither incompetent nor an infant. Plaintiff requests a court order finding her in default.

**II. Legal Standards**

A default judgment may be entered only where there has been effective service of process. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933. 937 (5th Cir. 1999). It is well-settled that absent proper service, a district court lacks personal jurisdiction over the defendants and a default judgment would be both void and improper. *See Walters v. Dixon Correctional Inst.*, 188

1

F. App'x 232, 233 (5th Cir. 2006) (unpublished); *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (explaining that "until [a defendant] is properly served," the plaintiff "cannot obtain a default judgment.") (internal citations omitted).

Default judgments are drastic remedies, not favored by the Federal Rules and resorted to only in extreme situations. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Id*. Because it is preferential to determine an action on the merits, the court resolves any doubt as to whether default should be entered in favor of hearing the case on the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

**III. Discussion and Analysis**

Plaintiff's motions should be denied. The Court notes that it recently issued a Report, (Dkt. #197), in this case recommending that Plaintiff's claims against Defendant Dickens be dismissed, with prejudice, for Plaintiff's failure to state a claim against her upon which relief may be granted. Plaintiff's claims against the remaining Defendants will proceed to trial.

As explained in the Report, Defendant Dickens has neither been served nor appeared in this case. A resolution on the merits of Plaintiff's claims is preferred. Additionally, Plaintiff fails to state a claim against her upon which relief may be granted. Default judgment would be both void and improper.

RECOMMENDATION

Accordingly, it is recommended that Plaintiff Roberson's motions for default judgment, (Dkt. ##188, 194), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 4th day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE